Judge Logan
delivered the opinion of the court.
Benjamin Head made his will in the year 1784, by which he devised to his wife all his estate during her life; and after her death, the land, a negro man, a cupboard and case, over tó his son Benjamin; and his stock and the residue of his household goods, equally to be divided between his son Francis and daughter Molly: — appointed his wife and son Benjamin executors thereof; and departed this life in 1790.
In the same year, his widow having determined to remove with her son Benjamin to Kentucky, and finding it inconvenient, if not impracticable, to remove the property, exchanged part thereof for a negro woman and child; her son Benjamin, at the same time executing a bond of indemnity to the seller, against the other legatees for the property thus given.
This purchase, the widow repeatedly declared, was intended for these legatees, as it was made with their property. But she gave to her son Benjamin the negro child, in consideration, as she said, for removing her to Kentucky.
And in 1796, she gave to him also a bill of sale for the negro woman and her increase, purporting to be in consideration of 1100: having, in the preceding year, executed a writing, acknowledging that all the stock and household furniture then in her possession, was held as a loan from her son Benjamin, and was to return to him after her'death or whenever required. She died in ”99; and Benjamin in 1808, who, in the years 1804, 5, and 7, had obtained receipts in full from some of the children of Molly Perry, against their demand on the estate of their grandfather, Benjamin Head; And in 1809, the appellants, as heirs of Molly Perry and Francis Head, filed their bill in chancery, to recover from the administrators of Benjamin Head the younger, and others having in possession the said slaves, with hireage, and for general relief.
The bill, on its final hearing, was dismissed; and the complainants have appealed to this court.
The relief sought is founded — 1. upon the will of Benjamin Head the elder; and 2. on the benefit of the purchase, resulting from the application of property specificaK *47 ]y bequeathed to their ancestors after the death of their grandmother. -
A trust re-suits to those lre°S applied to the purchase of Pr°the^urclIaS be m ano-tller’s name; j
The principal part of the purchase, consisted of property thus bequeathed. Giving this property for slaves, with express declarations that the purchase was intended for the benefit of those entitled to the remainder, form claims, perhaps, not less strong in reason and justice in favor of the appellants, than existed in the case of Browning’s administrators vs. Coppage, 3 Bibb, 38. The rule, however, is settled, that a trust results favorable to those from whom the consideration and estate moves: and is certainly much less liable to exception, when the consideration given is accompanied with the declaration, that the purchase is intended for those whose funds form the basis of the purchase.
The amount of the purchase was only Z57 10 9 — leaving a balance of upwards of Z30 in the hands of the widow, as from the inventory appears, independent of other property not bequeathed to the ancestors of the complainant: The nature of a great part of which, precludes the idea of its transportation to Kentucky upon her removal: And, from the answers and exhibit of the widow, bearing date in 1795, it is evident she had very little furniture or property, except what had been loaned to her by her son Benjamin after her removal: And it is most probable that the property had neither perished nor been consumed, because her removal was in the same year; but had been disposed of preparatory to the removal.
The estate devised to Benjamin can, in no respect, be material to notice, otherwise than as forming some inducement with him towards procuring the removal of his mother; and, thereby, obtaining more immediate possession, perhaps, of its benefits. At any rate, no part of the interest of others under the will, could have been rightly applied to that object.
We are, therefore, of opinion, that such of the complainants as have not been paid, were entitled to a decree for their respective proportions of the slaves, or their value, with hireage, since the death of Mrs. Head, deducting therefrom for the maintenance of such as were unable to labour, or whose services were not Worth their maintenance. And, also, for their proportions of the residue of the amount of the invtntory exhibited, consisting of stock and household goods, with interest thereon from the same period: And, likewise, to equal sharés of two-third parts cf *48 property not specifically bequeathed after the death of ^le widow, according to the valuation as annexed in the inventory, with interest from the death of the widow; as it satisfactorily appears that the whole of that property being of real value had been disposed by, and applied to the use of, the defendant Head.
Pope and Hardin for appellant, Bibb and Talbot for ap-pellee.
But as to the complainants, Nancy Perry, Benjamin H. Perry, Elijah Perry, James Perry, and William Perry and his wife, the bill was properly dismissed; because from their receipts, they appear to have received full satisfaction for all demands against the estate of Benjamin Head, their grandfather.
The decree must, therefore, be reversed, with cost; and the suit remanded, that a decree may be entered conform-ably to the foregoing opinion.